**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**SAMUEL CABASSA,**

                              **Plaintiff,**

        **vs.**                                                  **9:11-CV-01237
                                                                       (MAD/CFH)**

**CHRISTINA OSHIER, Clerk II, Individually
and official capacity; DALE A. ARTUS, Supt.
Clinton C.F. Individually and official capacity;
THOMAS L. LaVALLEY, Supt. Clinton C.F.
Individually and official capacity; NEW YORK
STATE DEPARTMENT OF CORRECTIONAL
SERVICES; E. BLAISE, Registered Nurse, Individually
and official capacity; S. MILLER, Nurse Practitioner,
Individually and official capacity; MARK MAXON,
Optometrist, Individually and official capacity;
OFFICER JENNETTE, Correctional Officer, Individually
and official capacity; OFFICER EZRO, Correctional
Officer, Individually and official capacity; JOHN
KILBURN,[1] Correctional Officer, Individually and
official capacity; MAX PATNODE, Deputy
Superintendent for Programs, Individually and official
capacity; B. LECUYER, Nurse Administrator,
Individually and official capacity; NURSE BADGER,
Registered Nurse, Individually and official capacity;
KANG MAENG LEE, Medical Doctor, Individually and
official capacity; VONDA JOHNSON, Medical Doctor,
Individually and official capacity; JOHN A. DOE,
Correctional Sergeant, Individually and official capacity;
JOHN B. DOE, Correctional Officer, Individually and
official capacity; JOHN C. DOE, Correctional Officer,
Individually and official capacity; JOHN D. DOE,
Correctional Officer, Individually and official capacity;
JOHN E. DOE, Correctional Officer, Individually and
official capacity; JOHN F. DOE, Correctional Officer,
Individually and official capacity; JOHN G. DOE, DOCS
Utilization Review Committee, Individually and official
capacity; JOHN H. DOE, DOCS Utilization Review**

---

[1] The Clerk of the Court is directed to amend the caption in this case to reflect that Defendant John Kilburn was incorrectly sued herein as "Milburn."

**Committee, Individually and official capacity,**

        **Defendants.**

---

**APPEARANCES:**        **OF COUNSEL:**

SAMUEL CABASSA
84-A-0364
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004
Plaintiff *pro se*

OFFICE OF THE NEW YORK    GREGORY J. RODRIGUEZ, AAG
STATE ATTORNEY GENERAL
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

  Plaintiff *pro se* Samuel Cabassa ("Cabassa"), commenced the present action pursuant to 42 U.S.C. § 1983, alleging that he was denied adequate care and accommodations, in violation of his Eighth and First Amendment rights, when Defendants failed to provide him with appropriate treatment concerning his partial blindness and other visual impairments. *See* Dkt. No. 1. Plaintiff's allegations span an approximate two-year period, from October 2008 to late December 2010, and are comprised of claims against multiple Defendants including, the New York State Department of Corrections and Community Supervision ("DOCCS"), fourteen DOCCS employees, and eight John Does. *See id.* Additionally, Plaintiff asserts claims pursuant to 42 U.S.C. § 12132, the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 794, the

2

Rehabilitations Act ("RA"). *See id.* at 52-56. Primarily, Plaintiff seeks compensatory and punitive damages for the alleged violations.

In a Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court grant in part and deny in part Defendants' motion to dismiss certain Defendants and claims pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 49. On March 21, 2013, the Court granted in part Defendants' motion to dismiss. *See* Dkt. No. 52. As a result of the Court's March 21, 2013 Memorandum-Decision and Order, the following claims remain: (1) Eighth Amendment medical deliberate indifference claims against Defendants Blaise, Oshier, Johnson, Lee, Jennette, and Badger; (2) ADA and RA claims against Defendant DOCCS; and (3) First Amendment denial of access to the courts claim against Defendants Oshier, Miller, Maxon, Johnson, and Lecuyer. *See id.* at 19.

On December 12, 2014, Defendants moved for summary judgment on all claims except for Plaintiff's Eighth Amendment claims of excessive force brought against Defendant John Kilburn. *See* Dkt. No. 93. In a July 13, 2015 Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court grant the motion as to the following claims and Defendants: (1) Eighth Amendment Medical deliberate indifference claims against Defendants Oshier, Blaise, Miller, Dr. Maxon, Lecuyer, Badger, Dr. Lee, Ezero, LaValley, Artus, and Dr. Johnson; (2) First Amendment denial of access to the courts claims against Defendants Oshier, Miller, Dr. Maxon, Lecuyer, and Dr. Johnson; (3) First Amendment retaliation claims against Defendants Oshier, Miller, Dr. Maxon, Dr. Johnson, Lecuyer, Ezero, Jennette, and LaValley; (4) ADA and RA claims against Defendant DOCCS; (5) all claims against the John Doe Defendants; (6) Eighth Amendment claims against Defendants LaValley and Artus regarding Plaintiff's admission to the mental health observation unit; (7) First Amendment claims against Defendants

3

LaValley and Artus regarding Plaintiff's admission to the mental health observation unit; and (8) qualified immunity as to Defendants Oshier, Blaise, Miller, Dr. Maxon, Lecuyer, Badger, Dr. Lee, and Dr. Johnson. *See* Dkt. No. 100 at 65. Further, Magistrate Judge Hummel recommended that the Court deny the motion as to the following claims and Defendants: (1) Eighth Amendment medical indifference claims against Defendants Jennette and Patnode; (2) First Amendment claims against Defendant Patnode; and (3) qualified immunity as to Defendants Jennette and Patnode. *See id.* Finally, Magistrate Judge Hummel recommended that Defendants Oshier, Blaise, Miller, Dr. Maxon, Lecuyer, Badger, Dr. Lee, Ezero, LaValley, Artus, and Dr. Johnson be dismissed from this action. *See id.* at 66.

On August 13, 2015, Defendants filed objections to Magistrate Judge Hummel's Report-Recommendation and Order. *See* Dkt. No. 105. Specifically, Defendants objected to the recommended denial of summary judgment for the following reasons: "(1) the inclusion of First Amendment claims against defendant Patnode at Part IV(2) of the R&R appears to have been made in error, as no such claim was alleged in the Complaint, addressed in defendants' summary judgment motion, or mentioned in the court's analysis of plaintiff's First Amendment claims; (2) the court overlooked a number of material submissions advanced on behalf of defendants Jennette and Patnode in respect of plaintiff's Eighth Amendment medical indifference claims; and (3) the court overlooked a number of material submissions advanced on behalf of defendants Jennette and Patnode in respect to their entitlement of qualified immunity. *See id.* at 1-4.

Currently before the Court is Magistrate Judge Hummel's July 13, 2015 Report-Recommendation and Order. *See* Dkt. No. 100.

## II. BACKGROUND

The Court assumes the parties' familiarity with the relevant factual background in this

4

matter and, to the extent consistent with the record, adopts the factual recitation contained in Magistrate Judge Hummel's July 13, 2015 Report-Recommendation and Order.

### III. DISCUSSION

**A.    Standard of review**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than

5

that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See*

6

*Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

**B.     Relief under 42 U.S.C. § 1983**

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. § 1983). Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained. *See Brown v. Coughlin*, 758 F. Supp. 876, 881 (S.D.N.Y. 1991) (citing *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481, *reh. denied*, 445 U.S. 920, 100 S. Ct. 1285, 63 L. Ed. 2d 606 (1980)). As such, for a plaintiff to recover in a section 1983 action, he must establish a causal connection between the acts or omissions of each defendant and any injury or damages he suffered as a result of those acts or omissions. *See id.* (citing *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)) (other citation omitted).

## C. First Amendment claims against Defendant Patnode

In their objections, Defendants first contend that Magistrate Judge Hummel erred in recommending denying Defendants' motion for summary judgment as to the First Amendment claim against Defendant Patnode. *See* Dkt. No. 105 at 2. Specifically, Defendants assert that Plaintiff did not bring a First Amendment claim against Defendant Patnode, which is why it was not addressed in their motion for summary judgment. *See id.* Rather, Defendants claim that the first reference that is ever made to such a claim is in the section of the Report-Recommendation and Order entitled "Conclusion." *Id.* (citing Dkt. No. 100 at 65).

Upon review, the Court agrees with Defendants that Plaintiff did not bring a First Amendment claim against Defendant Patnode. The mention of such a claim in the conclusion of the Report-Recommendation and Order appears to be no more than a scrivener's error. Accordingly, the Court rejects the Report-Recommendation and Order insofar as it implies a First Amendment cause of action against Defendant Patnode.

## D. Claims against Defendant Patnode

In their objections, Defendants contend that the Report-Recommendation and Order incorrectly asserted that Defendants failed to address the medical indifference claims against Defendant Patnode. *See* Dkt. No. 105 at 3. Defendants assert that Plaintiff's submissions, as well as his deposition testimony, make clear that Defendant Patnode is only alleged to have denied Plaintiff reasonable accommodations and, therefore, he is subject to dismissal because there is no individual liability under the Americans with Disabilities Act ("ADA") or the Rehabilitation Act ("RA"). *See id.*

The Court agrees with Defendants that the undisputed evidence clearly demonstrates that Defendant Patnode was only named as a Defendant in this action because of his alleged denial of

reasonable accommodations. *See* Dkt. No. 93-4 at 172-74. In his deposition, Plaintiff makes clear that the only interactions he had with Defendant Patnode were the denial of Plaintiff's requests for alleged reasonable accommodations. *See id.* Since the Court finds no error with Magistrate Judge Hummel's recommendation to grant Defendants' motion as to Plaintiff's ADA and RA claims, the Court finds that Defendant Patnode must be dismissed as well.

Even if the Court were to find that Plaintiff was still attempting to pursue an Eighth Amendment deliberate indifference claim against Defendant Patnode, such a claim must nevertheless be dismissed. The undisputed evidence demonstrates that, at best, Plaintiff is asserting a disagreement with Defendant Patnode over the care he was provided, which is insufficient to support an Eighth Amendment claim. *See Cole v. Levitt*, No. 07-cv-767, 2009 WL 4571828, *9 (W.D.N.Y. Dec. 4, 2009) (citation omitted). Further, the allegations in the complaint and the undisputed evidence fail to support the subjective element of such a claim. *See id.* at *2 (citations omitted); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (citation omitted).

Based on the foregoing, the Court finds that any Eighth Amendment claims Plaintiff attempted to assert against Defendant Patnode are *sua sponte* dismissed. *See Smith v. Conway*, 582 Fed. Appx. 45, 46 (2d Cir. 2014) (affirming the district court's *sua sponte* grant of summary judgment against a *pro se* plaintiff where the facts before the district court were fully developed) (citation omitted).

**E.    Claims against Defendant Jennette**

Defendants contend that Magistrate Judge Hummel incorrectly determined that the Court should deny the motion for summary judgment as to the Eighth Amendment deliberate indifference claim. *See* Dkt. No. 105 at 3-4. Specifically, Defendants assert that this

"recommendation is based on the mistaken finding that there was a genuine issue of material fact as to whether defendant Jennette acted deliberately indifferent to plaintiff's serious medical need by refusing to honor valid feed-in-cell passes issued by Miller on October 21, 2008 and Blaise on November 20, 2008." *Id.* at 3. While Defendants do not dispute that Plaintiff was issued feed-in-cell passes, they contend the Report-Recommendation and Order "overlooks the fact that defendants took the decision to lift plaintiff's feed-in-cell permit and there was a valid basis for doing so." *Id.*

Defendants are correct that Defendant Blaise lifted the feed-in-cell permit on November 25, 2008, which provided Defendant Jennette a valid reason to require Plaintiff to eat his meals in the mess hall from that point forward. *See* Dkt. No. 94 at 24-25. In his complaint, however, Plaintiff alleges that on November 20, 2008, Defendant Jennette began ignoring the feed-in-cell permit, causing Plaintiff to miss breakfast. *See* Dkt. No. 1 at ¶¶ 6(41)-6(43). Although Plaintiff alleges in a conclusory fashion that he was "subjected to an involuntary hunger strike by being starved," he fails to provide any other dates on which he missed a meal, or even how many meals he missed. *See id.* at ¶¶ 6(41)-6(55). Having identified only a single missed meal prior to Defendant Blaise revoking the feed-in-cell permit, Plaintiff has failed to plausibly set forth an Eighth Amendment claim against Defendant Jennette. *See Pagan v. Quiros*, No. 3:11-cv-1134, 2014 WL 1057016, \*6 (D. Conn. Mar. 18, 2014) (holding that the plaintiff's allegation that the defendant denied him food and drink at one meal "does not constitute a substantial or sufficiently serious deprivation of a basic human need") (citations omitted); *Hankerson v. Nassau County Correctional Facility*, No. 12-CV-5282, 2012 WL 6055019, \*4 (E.D.N.Y. Dec. 4, 2012) (holding that an inmate's claim that "he missed a single meal falls far short of a 'substantial deprivation of food' and does not rise to the level of a constitutional deprivation"); *Waring v. Meachum*, 175 F.

Supp. 2d 230, 240-41 (D. Conn. 2001) (holding that there is no Eighth Amendment claim where inmates missed one or two meals and there was no indication that future meals were missed).

Alternatively, the Court finds that Defendant Jennette is entitled to qualified immunity as to this claim. Defendant Jennette's decision to require Plaintiff to eat his meals in the mess hall was based on the fact that a registered nurse – Defendant Blaise – determined that Plaintiff has "no medical restrictions" that would preclude him from eating in the mess hall. *See* Dkt. No. 94 at 24-25. It was objectively reasonable for Defendant Jennette, a corrections officer, to rely on the determination of a trained medical professional.

Based on the foregoing, the Court grants Defendants motion for summary judgment as to this claim.

**F.     The Report-Recommendation and Order's remaining recommendations**

The Court has reviewed the remainder of the findings in Magistrate Judge Hummel's Report-Recommendation and Order and finds no clear error.

**G.     Plaintiff's untimely objections and response to Defendants' motion**

On August 26, 2015, the Court received Plaintiff's objections to Magistrate Judge Hummel's Report-Recommendation and Order, as well as Plaintiff's 86 page "opposition" to Defendants' motion for summary judgment and 701 pages of attached exhibits. *See* Dkt. No. 108. While Plaintiff's objections are only untimely by 5 days, Plaintiff's "opposition" to the motion for partial summary judgment was untimely by 191 days. Defendants filed their motion on December 12, 2014. *See* Dkt. No. 93. On December 29, 2014, the Court granted Plaintiff an additional thirty (30) days to respond. *See* Dkt. No. 97. After the deadline for Plaintiff's response had already passed, the Court received another letter motion requesting an additional seven (7) days to file his response, which the Court granted, thereby resetting the response deadline to

11

February 17, 2015. *See* Dkt. Nos. 98-99. Notably, in that letter request, Plaintiff stated as follows: "I swear to the Court that by February 6, 2015, my opposition moving papers will be deposited in the mail box." Dkt. No. 98 at 2. Magistrate Judge Hummel did not issue his Report-Recommendation and Order until July 13, 2015 – 147 days after Plaintiff's twice extended time to respond had expired. During that 147 day period, the Court received no correspondence from Plaintiff.

Although the Court acknowledges that it has an "'obligation . . . to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training,'" *Brunson v. Jonathan*, 677 F. Supp. 2d 640, 642 (W.D.N.Y. 2010) (quotation omitted), this obligation is not without limits. Plaintiff's failure to respond to the motion for summary judgment deprived Defendants of their opportunity to reply to his response. Moreover, Plaintiff's failure to respond resulted in Magistrate Judge Hummel engaging in an analysis that would have otherwise not been required – *i.e.*, scouring Plaintiff's fifty-nine (59) page verified complaint to determine if it raised any questions of material fact. Now, 191 days after Plaintiff's response deadline expired, and after Magistrate Judge Hummel spent countless hours drafting his thorough Report-Recommendation and Order, Plaintiff has finally submitted his response. The special solicitude that the Court is required to extend *pro se* Plaintiff's does not extend so far as to warrant the consideration of Plaintiff's untimely filings. Although Plaintiff acknowledges in his objections that his opposition to the motion for summary judgment was "not introduce[d] before Magistrate Judge Hummel," he fails to provide any explanation for the entirely unacceptable and prejudicial delay. Without any explanation, Plaintiff has failed to provide the Court with any reason establishing good cause and excusable neglect so that it should consider this extremely untimely and prejudicial submission. *See Johnson v. Bureau of Prisons*,

12

30 Fed. Appx. 935, 937 (10th Cir. 2002) (holding that the denial of *pro se* federal inmate's untimely request for additional time to file response to federal officials' motion for summary judgment on inmate's *Bivens* claims, and finding that summary judgment motion was uncontested, was not abuse of discretion where inmate was previously granted generous two-month extension of time to respond to motion, took no action to explain predicament to court during two-month period in which he was aware that he lacked access to or did not have copy of motion, and waited three months after response was due to request extension); *Barnes v. Dedmondt*, No. 4:08-cv-0002, 2009 WL 3166576, *5 n.6 (D.S.C. Sept. 29, 2009) (declining to consider the *pro se* plaintiff's response to the motion for summary judgment where the plaintiff was granted numerous extension to respond over a period of months, yet failed to timely respond), *aff'd* 395 Fed. Appx. 928 (4th Cir. 2010); *Mortensbak v. Butler*, ___ F. Supp. 3d 2015 WL 797679, *2 (D.S.D. 2015) (refusing to consider *pro se* inmate's untimely response to police officers' motion for summary judgment, in inmate's § 1983 action alleging that officers used excessive force in course of his arrest; even assuming prison mailbox rule applied to response, document was filed five days after expiration of time period for responding to motion for summary judgment, inmate made no separate motion for extension of time to file response, and inmate made no effort to show good cause or excusable neglect in late-filed response).

Based on the foregoing, the Court declines to consider Plaintiff's untimely submissions in opposition to Defendants' motion for partial summary judgment. *See Johnson*, 30 Fed. Appx. at 937.

## IV. CONCLUSION

After carefully considering Magistrate Judge Hummel's Report-Recommendation and Order, Defendants' objections thereto, and the applicable law, and for the reasons stated herein,

13

the Court hereby

**ORDERS** that Magistrate Judge Hummel's July 13, 2015 Report-Recommendation and Order is **ADOPTED in part and REJECTED in part** as set forth herein;[2] and the Court further

**ORDERS** that Defendants' motion for partial summary judgment is **GRANTED**;[3] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 28, 2015
       Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge

---

[2] Magistrate Judge Hummel's Report-Recommendation and Order is rejected insofar as it finds that the Court should not dismiss the First and Eighth Amendment claims against Defendant Patnode and the Eighth Amendment claims against Defendant Jennette.

[3] As a result of this Memorandum-Decision and Order, the only remaining claim is Plaintiff's Eighth Amendment claims of excessive force against Defendant Kilburn.